**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-0102-CVE |
| | ) | |
| **MOHAMMAD HAMID QURESHI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Unopposed Motion for Extension of Amended Scheduling Order (Dkt. # 14). Defendant requests an extension of all deadlines in the amended scheduling order (Dkt. # 9), including the jury trial currently set for October 13, 2009, and the government does not oppose defendant's motion. Defendant has executed a speedy trial waiver (Dkt. # 13), but the speedy trial waiver does not specify the length of time for which defendant is waiving his right to a speedy trial.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at §

3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends-of-justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which a ends-of-justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defense counsel states that he was appointed to represent defendant on September 16, 2009, and he received discovery on the same day. Dkt. # 14, at 1. However, the motions deadline expired on September 16, 2009 and he states that he did not have an opportunity to determine if defendant had a basis to file pretrial motions. Defense counsel states that he has other cases set for trial in October and November 2009, and apparently requests a trial date no sooner than late November or early December 2009. Defense counsel also states that defendant has executed a speedy trial waiver and does not object to a continuance of his jury trial.

The Court finds that an ends of justice continuance is not appropriate under the circumstances, because the justification offered does not meet the stringent requirements for an ends-of-justice continuance articulated in Toombs . Even though defendant has executed a speedy

trial waiver (Dkt. # 13) asking the Court to exclude any period of delay for an ends-of-justice continuance, a speedy trial waiver does not provide sufficient justification to grant a continuance if the underlying basis for the continuance does not satisfy the requirements of the Speedy Trial Act. Toombs, 574 F.3d at 1273-74. While an extension of the motions deadline may be appropriate, defendant has not provided an adequate justification for an ends-of-justice continuance under the Speedy Trial Act. Defense counsel was aware of his prior commitments when he agreed to represent defendant, and the Court will not consider defense counsel's other pending matters as a basis to continue defendant's jury trial. An extension of the motions deadline will adequately protect defendant's right to a speedy trial and permit him to file any appropriate pretrial motions without delaying the jury trial. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that an ends-of-justice continuance may subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion for Extension of Amended Scheduling Order (Dkt. # 14) is **granted in part** and **denied in part**. The motions deadline is extended to September 30, 2009, and the response deadline is extended to October 7, 2009. **All other deadlines, including the pretrial set for October 8, 2009, and the jury trial set for October 13, 2009, are unaffected by this Opinion and Order.**

**DATED** this 21st day of September, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3